IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)

| | |
|---|---|
| YIU PONG FONG, Plaintiff<br>v.<br><br>MARKWAYNE MULLIN, Secretary,<br>U.S. Department of Homeland Security<br>and<br>JOSEPH EDLOW, Director,<br>U.S. Citizenship and Immigration Services<br>and<br>ANGELA KLAPAKIS, Director,<br>Philadelphia Field Office<br>U.S. Citizenship and Immigration Services<br>and<br>DAVID METCALF, U.S. Attorney,<br>Eastern District of Pennsylvania<br>and<br>TODD BLANCHE, Attorney General<br>of the United States<br>Defendants | **Case No. 2:26-cv-7306** |

## PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND MANDAMUS RELIEF

The plaintiff, Yiu Pong Fong, by and through undersigned counsel, files this Complaint against the defendants seeking an order pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §555(b), §706(1), and §706(2), and the Mandamus and Venue Act ("Mandamus Act"), 28 U.S.C. §1361, compelling the defendants to adjudicate

the plaintiff's Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-485"), which has been unreasonably delayed since September 19, 2022.

## INTRODUCTION

1. The plaintiff is a Special Immigrant Juvenile.

2. Upon an immigrant visa becoming available, the plaintiff filed his Form I-485 on September 19, 2022[1].

3. The plaintiff's Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant ("Form I-360"), and it i was approved by U.S. Citizenship and Immigration Services ("USCIS") on June 23, 2023[2].

4. To date, the plaintiff's Form I-485 remains pending within the jurisdiction of the defendants, who have failed and refused to adjudicate the application in accordance with federal law. Multiple status inquiries submitted to USCIS have been unsuccessful.

5. As a direct result of the defendants' failure to act, the plaintiff has been denied the rights, benefits, and statutory privileges accorded to lawful permanent residents of the United States.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) as this action arises under the APA, 5 U.S.C. §701 *et seq*., and the Mandamus Act, 28 U.S.C. §1361.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(e)(1)(C) because the defendants are officers or employees of the United States acting in their official

[1] Receipt notice attached as Exhibit "A."
[2] Approval notice attached as Exhibit "B."

capacities, no real property is involved, and the plaintiff resides at 8938 Leonard Street, Philadelphia, Pennsylvania, within the Eastern District of Pennsylvania.

**PARTIES**

7. The plaintiff is a citizen of the People's Republic of China and a continuous resident of Pennsylvania for more than five years. Since entering the United States, the plaintiff has resided exclusively within the United States.

8. The defendant, Markwayne Mullen, is sued in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"). In this capacity, Secretary Mullin is charged with the administration and enforcement of the Immigration and Nationality Act ("INA") pursuant to 8 U.S.C. §1103(a).

9. The defendant, Joseph Edlow, is sued in his official capacity as Director of USCIS. Director Edlow is charged with overseeing the administration of immigration benefits and the adjudication of applications, including Form I-485.

10. The defendant, Angela Klapaksi, is sued in her official capacity as Director of the USCIS Philadelphia Field Office. Director Klapakis holds delegated authority to control USCIS operations within the Philadelphia District, including the final adjudication of Form I-485 applications filed by area residents.

11. The defendant, David Metcalf, is sued in his official capacity as the United States Attorney for the Eastern District of Pennsylvania. In this capacity, U.S. Attorney Metcalf is charged with determining questions of law under the INA pursuant to 8 U.S.C. §1103(a)(1) and representing the United States in Eastern District of Pennsylvania litigation.

12. The defendant, Todd Blanche, is sued in his official capacity as Attorney General of the United States. In this capacity, the Attorney General is charged with

determining questions of law under the INA pursuant to 8 U.S.C. §1103(a)(1) and representing the United States in litigation.

## FACTUAL BACKGROUND

12. On September 19, 2022, the plaintiff submitted his Form I-485 Application to adjust status to that of a lawful permanent resident.

13. The plaintiff is the beneficiary of an approved Form I-360 Petition for Special Immigrant Juvenile status and has been granted deferred action.

14. The plaintiff has completed all required processing steps, including submitting biometrics and providing sufficient documentary evidence to establish *prima facie* eligibility for permanent residence. USCIS retains all information necessary to complete the adjudication.

15. Despite the plaintiff's complete submissions, the defendants have failed to schedule an interview at the USCIS Philadelphia Field Office or issue a final decision on the application.

16. Neither the APA nor the Mandamus Act requires exhaustion of administrative remedies prior to initiating judicial review. Nevertheless, the plaintiff has repeatedly attempted to resolve this delay administratively by placing formal status inquiries with USCIS on at least two separate occasions.

17. To date, the defendants have taken no definitive action, leaving the plaintiff's Form I-485 pending for an unreasonable period well beyond standard processing times.

**COUNT I**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(5 U.S.C. §§555(b), 706(1), and 706(2))**

18. The plaintiff incorporates by reference the above paragraphs 1 through 17 as though fully set forth herein.

19. Under the APA, federal administrative agencies are required to conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

20. The APA empowers reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

21. The APA further authorizes courts to hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. §706(2)(A). An agency's "failure to act" constitutes reviewable agency action under 5 U.S.C. §551(13).

22. The defendants' failure to adjudicate the plaintiff's Form I-485 since September 19, 2022—a period exceeding normal processing parameters—constitutes an unreasonable delay and action unlawfully withheld under the APA.

23. The defendants' inaction is arbitrary, capricious, and an abuse of discretion, entitling the plaintiff to judicial relief under 5 U.S.C. §706.

**COUNT II**
**MANDAMUS ACT**
**(28 U.S.C. §1361)**

24. The plaintiff incorporates by reference the above paragraphs 1 through 23 as though fully set forth herein.

25. The Mandamus Act, 28 U.S.C. §1361, grants district courts original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the the plaintiff.

26. The defendants owe the plaintiff a nondiscretionary statutory duty under the INA and its implementing regulations to adjudicate his Form I-485 within a reasonable timeframe.

27. The plaintiff has a clear right to the adjudication of his application, the defendants have a clear duty to act, and the plaintiff has no other adequate alternative legal remedy available.

28. The defendants' continued inaction and refusal to adjudicate the application warrant an order of mandamus compelling the defendants to process and render a decision on the plaintiff's Form I-485 immediately.

**PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the defendants as follows:

(a) Declare that the defendants' failure to adjudicate the plaintiff's Form I-485 within a reasonable time constitutes an unreasonable delay under 5 U.S.C. §555(b) and agency action unlawfully withheld under 5 U.S.C. §706(1);

(b) Issue a Writ of Mandamus or permanent injunction directing the defendants to complete all processing and render a final adjudication on the plaintiff's Form I-485 within thirty (30) days of the Court's order;

(c) Award the plaintiff reasonable attorneys' fees and costs incurred in bringing this action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, or other applicable authority; and,

(d) Grant such other and further relief as the Court deems just, equitable, and proper.

Respectfully submitted,

/s/ **Todd E. Henry**

THE HENRY LAW FIRM
By: Todd Edward Henry, Esquire
1500 Walnut Street, Suite 1060
Philadelphia, PA 19102
(215) 545-7100 (office)
(215) 545-6611 (fax)
dlombardo@thehenryfirm.biz
Attorney for Plaintiff

DATE: September 22, 2026

**LIST OF EXHIBITS**

Exhibit A Receipt Notice for Form I-485,
Application to Register Permanent Residence or Adjust Status

Exhibit B Approval Notice of Form I-360,
Petition for Amerasian, Widow(er), or Special Immigrant

Department of Homeland Security
U.S. Citizenship and Immigration Services

# Form I-797C, Notice of Action

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

| NOTICE TYPE | | NOTICE DATE |
|---|---|---|
| Fee Waiver Approved | | September 27, 2022 |
| CASE TYPE | | USCIS ALIEN NUMBER |
| I-485, Application to Register Permanent Residence or Adjust Status | | A219016176 |
| RECEIPT NUMBER | RECEIVED DATE | PAGE |
| MSC2290759604 | September 19, 2022 | 1 of 1 |
| PRIORITY DATE | PREFERENCE CLASSIFICATION | DATE OF BIRTH |
| September 19, 2022 | Special immigrant juvenile, Form I-360 | March 29, 2002 |

YIU PONG FONG
8938 LEONARD STREET
PHILADELPHIA, PA 19152

2 00000225

**NAME AND MAILING ADDRESS**

**PAYMENT INFORMATION:**

| | |
|---|---|
| **Application/Petition Fee:** | $0.00 |
| **Biometrics Fee:** | $0.00 |
| **Total Amount Received:** | $0.00 |
| **Total Balance Due:** | $0.00 |

We have received your form and are currently processing the above case. If this notice contains a priority date, this priority does not reflect earlier retained priority dates. We will notify you separately about any other case you filed.

If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment.

If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

**USCIS Office Address:**

USCIS
National Benefits Center
Attention: Special Immigrant Juvenile
7600B West 119th Street
Overland Park, KS 66213

**USCIS Contact Center Number:**

(800)375-5283

# EXHIBIT "A"

THE UNITED STATES OF AMERICA

# I-797 | NOTICE OF ACTION

DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES

| Receipt Number | | Case Type |
|---|---|---|
| MSC2290759605 | | I360 - PETITION FOR AMERASIAN, WIDOWER, OR SPECIAL IMMIGRANT |
| Received Date 09/19/2022 | Priority Date 09/19/2022 | Petitioner A219 016 176 FONG, YIU PONG |
| Notice Date 06/23/2023 | Page 1 of 1 | Beneficiary A219 016 176 FONG, YIU PONG |

THE LAW OFFICE OF ROLLYN KENNEY
c/o ROLLYN KENNEY
700 S WHITE HORSE PIKE STE A
SOMERDALE NJ 08083

Notice Type: Approval Notice
Class: SL6
Section: Special Immigrant-Juvenile

I-797 Approval Notice for **Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant** with Deferred Action.

USCIS has approved the above petition.

**Grant of Deferred Action:**

Your **Form I-360** petition has been approved, but you do not yet have a visa available to file an application for adjustment of status. USCIS has determined that you warrant a favorable exercise of discretion to receive deferred action. As a result, you have been placed in deferred action and you may be issued an employment authorization document. Deferred action is an act of administrative convenience to the government which gives some cases lower priority for removal from the United States for a specified period of time.

Your grant of deferred action will remain in effect for a period of four years from the date of this notice unless terminated earlier by USCIS.

Pursuant to 8 CFR Sec. 274a.12(c)(14), a noncitizen with approved deferred action is eligible to apply for employment authorization with the appropriate fee. If you would like to apply for employment authorization, you must properly file Form I-765, Application for Employment Authorization, and enter eligibility category (c)(14). You will receive separate correspondence regarding the adjudication of your Form I-765 once it is filed.

If you are represented by an attorney, all further correspondence should be accompanied by Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative.

USCIS will notify you separately about any other cases you have filed.

**This form is not a visa, nor may you use it in place of a visa.**

**This form does not constitute employment authorization, nor may you use it in place of an Employment Authorization Document.**

Please see the additional information on the back. You will be notified separately about any other cases you filed.

**USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.**

National Benefits Center
U.S. CITIZENSHIP IMMIGRATION SVC
P.O. Box 648003
Lee's Summit MO 64002

**USCIS Contact Center: www.uscis.gov/contactcenter**

# EXHIBIT "B"